The Honorable Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>$109,000 IN UNITED STATES FUNDS,<br>more or less, and all proceeds therefrom,<br>representing funds seized from TD Ameritrade<br>Account Number *****5031,<br><br>Defendant. | NO. C13-41 RAJ<br><br>ORDER |

In its April 18, 2014 order (Dkt. # 10), the court stayed this civil forfeiture action at the parties' request pending the disposition of a related criminal investigation. The parties' request for a stay included no information at all about the criminal investigation. In particular, it included no information about when that investigation might conclude. The court does not prefer civil actions to languish on its docket indefinitely. The court accordingly ordered the Government to provide periodic reports on the status of the related criminal investigation. The court did not intend to require the Government to disclose the details of its investigation to the claimant or anyone else, and thus stated as follows: "If necessary, the Government may file its disclosures about the criminal investigation under seal or in camera, but only to the extent necessary to protect the ongoing investigation."

The Government's first report on the criminal investigation came on May 15. The Government used the court's electronic filing system to file its report as an "Ex Parte Sealed Document." That means that not only is the report itself inaccessible to anyone except the court, but that neither the claimant nor anyone else can determine from the docket that the report was even filed. That is more secrecy than is "necessary to protect the ongoing investigation." The claimant (and the public) are entitled, at a minimum, to know that the Government filed the report that the court required. The claimant (and the public) are likely entitled to know more. For example, the Government could have filed a public document stating that the criminal investigation is ongoing, requested that this litigation remain stayed, and stated that a concurrently filed "Ex Parte Sealed Document" included more detailed information about the progress of the investigation. That approach would have compromised no details of the Government's investigation, would have apprised the claimant (and the public) of the Government's position, and would have allowed the claimant to object if he disagreed with the Government's position.

The Government need not prepare an additional filing with respect to its recent submission. This order will suffice to inform the claimant (and the public) that the Government submitted an ex parte report on the criminal investigation on May 15 and that the Government requested that this litigation remained stayed. The court concludes, based on the ex parte report, that there is good cause to continue the stay.

The April 18 order requires the Government to continue submitting updates on the status of the criminal investigation. Its next update will be accompanied by a public filing in accordance with this order. The court reiterates its position that the Government may "file its disclosures about the criminal investigation under seal or in camera, but only to the extent necessary to protect the ongoing investigation."

Dated this 19th day of May, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER
U.S. v. $109,000 in United States Funds  (C13-41 RAJ) - 2